United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60622
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GOLDSBY, also known as Sealed Defendant 2,
also known as Goldsby Robert,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-3-2-LN
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Goldsby appeals his jury-trial convictions of

conspiracy to distribute crack cocaine and distribution of crack

cocaine.  Goldsby argues that the evidence was insufficient to

sustain his convictions.

Goldsby challenges the credibility of the testimony of his

co-conspirator Aaron Christian.  However, Christian did not

testify as to "facts that [he] physically could not have observed

or events that could not have occurred under the laws of nature."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993) (internal quotation marks and citation omitted). Therefore, the jury could choose whether to credit all or part of Christian's testimony, and that decision is not reviewable on appeal. See id.

The evidence showed that Goldsby knowingly and voluntarily was involved in an agreement with Christian and another man to sell crack cocaine. Goldsby took an active role in the conspiracy and made the arrangements to deliver the crack cocaine. Goldsby actually possessed the drugs himself before giving them to Christian to deliver. Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, there is sufficient evidence from which the jury could infer that Goldsby knowingly participated in a conspiracy to distribute and did distribute crack cocaine. See United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).

Therefore, Goldsby's challenge to the sufficiency of the evidence fails because a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. See United States v. Bell, 678 F.2d 547, 549 (Former 5th Cir. Unit B 1982) (en banc), aff'd on other grounds, 462 U.S. 356 (1983). Accordingly, the district court's judgment is AFFIRMED.